UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VICTOR COLSAN                                                    CIVIL ACTION

VERSUS                                                           NO. 13-495-BAJ-RLB

THE CINCINNATI
INSURANCE COMPANY, et al.

# ORDER

Before the Court is a referral of Defendants' Motion to Compel (R. Doc. 12) responses to Interrogatories and Requests for Production of Documents, filed on November 25, 2013. On December 3, 2013, the Court ordered Plaintiff to respond to Defendants' Motion to Compel by December 10, 2013. (R. Doc. 13). As of this Order Plaintiff has not opposed or otherwise responded to Defendants' Motion to Compel. For the reasons discussed below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND

On September 25, 2013, Defendants propounded Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 12-1 at 1). According to the Federal Rules of Civil Procedure, Plaintiff's responses were due within 30 days of service. Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."). Therefore, Plaintiff's responses were due by October 25, 2013.

Defendants' counsel wrote to Plaintiff's counsel on October 25, 2013 advising that Plaintiff's responses were overdue and requesting a discovery conference between the parties on October 29, 2013. (R. Doc. 12-2 at 1). On October 28, 2013, Plaintiff's counsel responded and asked to reschedule the conference for October 30, 2013. (R. Doc. 12-2 at 3). According to Defendants, two later attempts to schedule a conference between the parties were unsuccessful. (R. Doc. 12-1 at 1).

On November 6, 2013, Plaintiff responded to Defendants' written discovery by providing Answers to Interrogatories and Responses to Requests for Production of Documents. (R. Doc. 12-2 at 9-31). Defendants, however, suggest that the majority of Plaintiff's responses are incomplete and insufficiently vague to comply with the Federal Rules of Civil Procedure. Specifically, Defendants allege that Plaintiff's Answers to Interrogatory Nos. 1-4, 10, 12-18, 20 and 22 are insufficient as Plaintiff merely stated: "Information has been requested and will be supplied upon receipt of same." (R. Doc. 12-2 at 9-19). With respect to Interrogatory No. 6, Defendants argue that Plaintiff's response that no statements are in his possession is evasive and that a direct answer is required. (R. Doc. 12-1 at 2). With respect to Interrogatory No. 8, Defendants argue that the Plaintiff's reference to medical records generated after the incident and for "alleged after-the-fact conditions" is non-responsive.

Likewise, Defendants suggest Plaintiff's Responses to Request for Production Nos. 3, 8 and 10-15 are evasive because Plaintiff again responds that: "Information has been requested and will be supplied upon receipt of same." (R. Doc. 12-2 at 22-31). Finally, Defendants claim Plaintiff's Response to Request for Production No. 2 is insufficient in that Plaintiff merely directs Defendants to his Answer to Interrogatory No. 6, which advises that Plaintiff is not in possession of any written or recorded statements from witnesses, but does not explain whether

2

anyone acting on Plaintiff's behalf might be in possession of any statements, as requested. (R. Doc. 12-2 at 12, 22).

Defendants now move the Court for an order compelling Plaintiff to produce complete responses to Interrogatory Nos. 1-4, 6, 8, 10, 12-18, 20, and 22 and Request for Production Nos. 2, 3, 8 and 10-15.

## II.  LAW AND ANALYSIS

A party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33 and 34.  A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.*  A party seeking discovery may move for an order compelling answers to interrogatories and production of requested documents if a party fails to provide answers or responses.  Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff did not submit written responses or objections to Defendants' discovery requests within thirty (30) days of service.  When Plaintiff eventually submitted his discovery responses, the responses were incomplete and vague, which is tantamount to a failure to respond under Rule 37(a)(4). Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").  Moreover, Plaintiff did not file an opposition or otherwise respond to Defendants' Motion to Compel, including the request for expenses and attorney's fees.  Based upon the record, Plaintiff's discovery responses to Interrogatory Nos. 1-4, 6, 8, 10, 12-18, 20 and 22 and Request for Production Nos. 2, 3, 8 and 10-15 remain outstanding as of this Order.

The Court finds that Plaintiff's discovery responses to Interrogatory Nos. 1-4, 6, 8, 10, 12-18, 20 and 22 are insufficient in that no answers have been provided or the answers provided are evasive and incomplete.[1] The Court will therefore order Plaintiff to submit complete responses, without objections, to Defendants' Interrogatory Nos. 1-4, 6, 8, 10, 12-18, 20 and 22 within seven days of this order. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived").

The Court further finds that Plaintiff's discovery responses to Request for Production Nos. 2, 3, 8, and 15 are also insufficient. Plaintiff's response to Request for Production No. 2 refers Defendants to his previous Answer to Interrogatory No. 6 that no statements are in the Plaintiff's possession. Rule 34 of the Federal Rules of Civil Procedure provides for the request and production of certain items in the responding party's "possession, custody, or control." By limiting his response only to what he actually possesses, Plaintiff has failed to respond sufficiently to this Request for Production. With respect to Request for Production Nos. 3, 8, and 15, Plaintiff provided no responsive documents as required. The Court will therefore order Plaintiff to submit complete responses, without objections, to Defendants' Request for Production Nos. 2, 3, 8 and 15 within seven (7) days of this Order.

Defendants' Request for Production Nos. 10-14 ask the Plaintiff to execute various release forms.[2] None of the proposed release forms have been provided to the Court. Although the Court can infer as to the intended use of these various forms, the identities of any third

---

[1] For example, although Plaintiff provided a response to Interrogatory No. 6, that response does not address the information requested by that Interrogatory. Interrogatory No. 6 specifically asks whether any statements have been taken in this matter and, if so, to provide the details regarding the person(s) giving or taking such statement and the circumstances as to how those statements were documented and where they could be located. Plaintiff's response - that he is not in possession of any such statement - is unresponsive to the Interrogatory.

[2] As set forth in R. Doc. 12-2, these include "employment record release authorizations," "tax release authorization," "Internal Revenue Service authorization," "Social Security Administration authorization," and "Military Records authorization."

parties Defendants intend to serve these upon have also not been provided.  In addition, the Court is unaware of whether these releases are limited in scope regarding the time period covered or the specific types of records that will be requested.

The Court recognizes that the Fifth Circuit has suggested in dicta that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982).  Such discovery is still subject to the scope and limitations of Rule 26(b) and without the benefit of review of the specific releases, the Court is unable to ensure that compelling the execution of each release is appropriate.  Because these releases would presumably be used to obtain records from non-parties, the Court is also unable to evaluate the burden of any such production on such non-parties.

For these reasons, the Court will not compel Plaintiff to sign the releases sought by Defendants' Request for Production Nos. 10-14 at this time.  To the extent the parties are still unable to come to an agreement regarding the execution of these releases, Defendants are welcome to renew their Motion to Compel on these grounds and to address the concerns outlined above.

If a Motion to Compel is granted in part and denied in part, Rule 37(a)(5)(C) provides that the court may apportion the reasonable expenses for the motion among the parties.  No costs or attorneys' fees are awarded at this time, however, Plaintiff is warned that additional failures to respond to discovery may result in additional sanctions, including the awarding of attorneys' fees.

### III.  CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 12) is **GRANTED** as to Interrogatory Nos. 1-4, 6, 8, 10, 12-18, 20 and 22 and Defendants'

Request for Production Nos. 2, 3, 8 and 15.  Plaintiff shall produce **complete responses** within **7 days** of this Order.  The Motion to Compel is **DENIED** as to Defendants' Request for Production Nos. 10-14.  The Motion to Compel is **DENIED** as to Defendants' request for attorneys' fees.

Signed in Baton Rouge, Louisiana, on December 12, 2013.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**